IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :       CASE NO. 09-05928(ESL)

ABRAHAM PETROLEUM CORP.                          :

    Debtor                                       :       CHAPTER 11

_____                 :

ABRAHAM PETROLEUM CORP.                          :       ADVERSARY NO. 10-0015

    Plaintiff                                    :

v.                                               :

HASSAN AND SONS CORP.                            :

    Defendant                                    :

_____                 :

<u>OPINION AND ORDER</u>

This case is before the court on the motion to dismiss filed by Hassan and Sons Corp. (the "Defendant") on March 31, 2010 (Docket Nos. 13, 14). Abraham Petroleum Corp. (the "Debtor" or "Plaintiff") filed oppositions to the motion to dismiss on April 30, 2010 (Docket No. 17) and September 1, 2010 (Docket No. 29). The request for dismissal is based on the existence of a state court action brought against the Debtor by the Defendant herein, based on the same facts as the complaint filed in the present adversary proceeding. The Defendant is requesting that this court abstain from hearing the present case and dismiss the case. For the reasons stated herein this court grants the Defendant's motion to dismiss.

On February 8, 2010 the Debtor filed a complaint against the Defendant for recovery of property, eviction, breach of contract, collection of money and damages. The complaint is premised on the breach of a lease and supply agreement entered into by the Debtor with the Defendant on March 30, 2008, for the use by the Defendant of the Debtor's service station at Barrio Hato Abajo, Arecibo, Puerto Rico. The Defendant agreed to operate the service station and purchase fuel from the Debtor. The complaint alleges that the Defendant failed to pay for rent and merchandise since February 2009. Additionally, the Defendant failed to pay the amounts corresponding to partial payments of the "key" or right to operate. Also, the complaint alleges

breach of a sub lease agreement executed on May 1, 2007 between the Debtor and the Defendant for the use of real property located at Urbanizacion San Fernando in Bayamon, Puerto Rico in which the Defendant agreed to operate the service station and purchase products from the Debtor. The Debtor notified the Defendant of its decision to rescind or cancel both contracts. The complaint includes six causes of action: breach of contract and eviction; debt collection; temerity; dispossession of premises and equipment; indemnification and damages; and damages, attorney's fees and expenses.

The Defendant filed a motion to dismiss alleging that it filed a state court action against the Debtor on February 20, 2009 before the Superior Court of Bayamon, based on the same allegations as the ones raised in the present adversary proceeding, and therefore, the court should abstain from these proceedings. In effect the state court complaint filed against the Debtor raises five causes of action: cancellation of supply contract; cancellation of the lease of the property at Urb. San Fernando, Bayamon; cancellation of the lease of the property at Barrio Hato Abajo, Arecibo; cancellation of the sales contract of the going concern located at Urb. San Fernando and cancellation of the sales contract of the going concern located at Barrio Hato Abajo.

Clearly both complaints are premised upon the same facts: the alleged breach and cancellation of the lease and sales contracts related to the properties located at Bayamon and Arecibo. The Defendant filed a proof of claim in the Debtor's bankruptcy case, in the amount of $3,775,000.00.

Discussion

*Core and Non-Core Matters*

The Defendant argues that pursuant to 28 U.S.C. § 1334(c) this case requires abstention as it does not arise under title 11 and it raises only state law claims[1]. In turn the Plaintiff argues that the abstention provision does not apply as this is a core matter arising under title 11, or arising in a case under title 11, as per 28 U.S.C. § 157(b).

---

[1] The Defendant also argues that the case must be remanded to state court. However, the state court action was never removed to this court therefore it may not be remanded.

2

The federal courts have jurisdiction over bankruptcy cases pursuant to 28 U.S.C. § 1334, which provides in subsection (a) that the district courts have original and exclusive jurisdiction over "cases under title 11" (such as the bankruptcy petition itself), and in subsection (b) that the district courts have original but not exclusive jurisdiction over "proceedings arising under title 11, or arising in or related to cases under title 11". The statute distinguishes between cases "arising under", "arising in" and "related to" proceedings under title 11. " 'Arising under' proceedings are those cases in which the cause of action is created by title 11." In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002). " 'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Id. (citation omitted). " 'Related to' proceedings are those which potentially have some effect on the bankruptcy estate, such as altering bankrupt's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." Id. (citations omitted). Core proceedings are those involving matters "arising under title 11" or "arising in a case under title 11" of the United States Code; that is, they would not exist outside of bankruptcy. 1 Daniel R. Cowans, Bankruptcy Law and Practice §1.2 at 31 (1989).

Core matters, as inherently bankruptcy matters, can be determined by bankruptcy judges. Id. Subsection (b)(2) of § 157 sets forth a non-exclusive list of core proceedings which include, matters concerning the administration of the estate (§ 157(b)(2)(A)), motions affecting the automatic stay (§ 157(b)(2)(G)), and proceedings affecting the liquidation of assets of the estate or the adjustment of the Bankrupt-creditor or equity security holder relationships (§ 157(b)(2)(O)).

A determination of whether a controversy is core or non-core depends upon its relation to the basic functions of the bankruptcy court and not on the federal or state basis for the claim. In re Arnold Print Works, Inc., 815 F.2d 165, 169 (1st Cir. 1987). If the proceeding, by its nature, arises only within the bankruptcy context because it involves a right created by federal bankruptcy law, then it is a core proceeding. In re Wood, 825 F.2d 90, 97 (5th Cir. 1987). If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or a district court, then it clearly involves a non-core matter. 1 Lawrence P. King et al.,

3

Collier on Bankruptcy ¶3.01[1][c][iv] at 3-27 (15th ed. 1991), citing In re Colorado Energy Supply, Inc., 728 F.2d 1283 (10th Cir. 1984).

The non-core related actions referred to by 28 U.S.C. §157(a) are those that "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." In re G.S.F. Corporation, 938 F.2d 1467, 1475 (1st Cir. 1991) citing In re Smith, 866 F.2d 576, 580 (3rd Cir. 1989). If the determination of the case could conceivably have any effect on the bankruptcy estate, it is a related matter. 938 F.2d at 1475.

As to proceedings that are non-core but related to a case under title 11, a bankruptcy judge "shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge ...." 28 U.S.C. §157(c)(1). However, a bankruptcy judge may enter final orders and judgments concerning non-core but related matters if all parties to the proceeding have consented. 28 U.S.C. §157(c)(2); G.S.F., 938 F.2d at 1476.

These classifications and parameters were introduced by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") as a result of the landmark decision by the Supreme Court in the case of Northern Pipeline Construction Co. v. Marathon Pipe Line Company, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d. 598 (1982). In Marathon the debtor brought an action in the bankruptcy court seeking damages for breach of contract and warranty, along with misrepresentation, coercion and duress. The Supreme Court held unconstitutional the grant by the Bankruptcy Reform Act of 1978[2] of Article III judicial powers upon non-tenured Article I courts. 102 S.Ct. at 2880. Article I judges do not have the constitutional power to enter final orders without the parties' consent in traditionally common law cases involving state created private rights. As a result of this decision the bankruptcy court may not enter a final determination in those cases that are classified as non-core related matters. The Marathon decision, however, was given a narrow interpretation by subsequent Supreme Court opinions. In re Arnold, 815 F.2d at 166, citing Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568 (1985) and

---

[2]28 U.S.C. S1471(b) (1976 ed., Supp. IV) (repealed 1984).

Commodity Futures Trading Commission v. Schor, 478 U.S. 833 (1986).

In Arnold the Court of Appeals for the First Circuit differentiates Marathon-type contract claims arising pre-petition from those arising post-petition. If the claim arose after the filing of the petition it involves a matter directly related to the administration of the estate and is therefore a core matter upon which a bankruptcy judge has the power to enter final orders. 815 F.2d at 168. On the other hand, if the claim arose before the filing of the petition it is only a related case and a bankruptcy judge is limited to submit proposed findings of fact and conclusions of law to the district court. Id.

The Plaintiff argues that this is a core matter as it involves the administration of the estate, the allowance or disallowance of a claim before the bankruptcy court and an adjustment of the debtor/creditor relationship. See, 28 U.S.C. § 157(b)(2)(A), (B) and (O). Actions initiated in bankruptcy court to collect a pre-petition account receivable are clearly non core related matters because they existed prior to the filing of the bankruptcy petition, to hold otherwise would be to ignore the Marathon decision. In re Mec Steel Buildings, Inc., 136 B.R. 606, 609 (Bankr. D.P.R. 1992).

The court finds that this is a non-core related proceeding. The causes of action of this adversary proceeding do not arise from the bankruptcy proceedings, they exist independently of the bankruptcy, although their determination may affect the bankruptcy estate. All causes of action brought in the present adversary proceeding stem from an alleged breach of contract between the parties that arose prior to the filing of the petition, thus they are all Marathon-type pre-petition breach of contract actions. See, Arnold, 815 F.2d at 168, Mec Steel, 136 B.R. at 610 ("this is a state law contract claim which arose before the filing of the petition, specifically classified by the court in Arnold as a non-core matter.").

If the court were to hear this matter it would be limited to submitting proposed findings of fact and conclusions of law to the district court for entry of a final order. "Whether a proceeding is core or non-core affects the power of the bankruptcy judge to issue a final order or judgment, but not the ability to hear a proceeding." Mec Steel, 136 B.R. at 610 citing In re Reed, 94 B.R. 48 (E.D. Pa 1988). Consequently, judicial economy principles dictate that the instant action be heard

by a court with jurisdiction to enter a final order.

*Abstention*

28 U.S.C. § 1334(c)(1) provides for permissive abstention as follows:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The discretionary abstention provision of § 1334(c)(1) provides that the district court may abstain from hearing a particular proceeding "arising under title 11 or arising in or related to a case under title 11" if to do so would be "in the interest of justice, or in the interest of comity with State courts or respect for State law". See, Middlesex, 292 F.3d at 69 (citation omitted). In Middlesex, the First Circuit Court of Appeals observed that "[t]he statute itself delineates 'three ... criteria to determine whether abstention is appropriate': the interests of justice, comity, and respect for state law." Id. (citation omitted). The Court of Appeals further stated that other circuits have considered certain factors in determining whether permissive (discretionary) abstention is appropriate, including the extent to which state law issues predominate over bankruptcy issues, the presence of a related proceeding commenced in state court, and the likelihood that the commencement of the bankruptcy proceeding involves forum shopping." Id.

The First Circuit Court of Appeals observed that the abstention doctrines are "concepts that reflect 'a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes'." Cruz v. Melecio, 204 F.3d 14, 23 (1st Cir. 2000) (citations omitted). The court found that abstention was "appropriate until the proceedings pending before the courts of the Commonwealth of Puerto Rico had 'run their course', including that the Commonwealth proceedings were filed first and have progressed further [and to avoid the 'discomfiting specter of forum shopping']." Id. at 24.

In the present case abstention of the of the instant adversary proceeding is proper. Firstly, this is a non core matter which only involves State law issues. Flores Rivera v. Telemundo Group, 133 B.R. 674, 677 (D. Puerto Rico, 1991)("Two factors that weigh in favor of abstention are that this case is a non-core proceeding and only Commonwealth law issues are involved since

6

the sole question is whether defendants actions were defamatory.") Secondly, he interests of justice and comity favor abstention. All the claims in this adversary proceeding should have been counterclaims in the Defendant's state court case which was filed approximately one year before this adversary proceeding was filed. The only reason these claims were not filed as counterclaims was because of the Plaintiff's bankruptcy filing. Judicial economy and comity with State courts favor that all claims be brought before and decided by the Superior Court of Bayamon. Lastly, the filing of the present adversary proceeding may be viewed as forum shopping.

Conclusion

Under the First Circuit's analysis, discretionary abstention is warranted in this case because, 1) Plaintiff's claims are based entirely on state law, 2) there is an open and ongoing state court proceeding available to the Debtor, and 3) Plaintiff's resort to this court in this case at this time can be viewed as forum shopping. The claims for relief alleged in the complaint wholly revolve upon matters of local law, and resolution would not involve any issues of bankruptcy law. Therefore, discretionary abstention in favor of the State courts is appropriate. Therefore, this case is hereby dismissed. Notwithstanding, any monetary award against the debtor must be channeled through the bankruptcy proceeding.

Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of February 2011.

Enrique S. Lamoutte
United States Bankruptcy Court